**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reynaldo Pompa-Monreal, ) | No. CV 12-01431-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Coast National Insurance Company, et al.,) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

The court has before it plaintiff's motion to dismiss fictitious parties (doc. 8), motion to remand (doc. 9), defendant Coast National Insurance Company's response to plaintiff's motion to remand (doc. 11), and plaintiff's reply (doc. 13). On May 29, 2012, plaintiff filed a complaint in the Superior Court of Arizona in Maricopa County, alleging breach of contract and bad faith. He sought underinsured motorist benefits, unspecified general and special damages, punitive damages, costs, interest, and attorneys' fees. Defendant removed on the basis of diversity jurisdiction and plaintiff moves to remand, arguing that the amount in controversy is less than $75,000.

If it is not facially evident from the complaint that more than $75,000 is in controversy, defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (quotation omitted). The court may consider facts in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the

1   time of removal." Id. (quotation omitted).

2       Plaintiff contends that his policy limit is $100,000 and defendant has offered him
3   $37,763.84 to settle his claim, leaving an amount in controversy of $62,236.16 (doc. 9 at 2).
4   Defendant asserts that the inclusion of punitive damages and attorneys' fees will raise the
5   amount in controversy to over $75,000.

6       Punitive damages are part of the amount in controversy. Gibson v. Chrysler Corp.,
7   261 F.3d 927, 945 (9th Cir. 2001). Plaintiff could possibly recover punitive damages here.
8   Filasky v. Preferred Risk Mut. Ins. Co., 152 Ariz. 591, 598, 734 P.2d 76, 83 (1987).

9       "[W]here an underlying statute authorizes an award of attorneys' fees, either with
10  mandatory or discretionary language, such fees may be included in the amount in
11  controversy." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Arizona
12  permits attorneys' fees for any contested action arising out of a contract. A.R.S. § 12-
13  341.01(A). Both causes of action here arise out of a contract. See Sparks v. Republic Nat'l
14  Life Ins. Co., 132 Ariz. 529, 544, 647 P.2d 1127, 1142 (1982) (action alleging insurance bad
15  faith arises out of contract within the meaning of § 12-341.01(A)). Therefore, the court may
16  take attorneys' fees into account when determining the amount in controversy.

17      The United States Court of Appeals for the Ninth Circuit has not ruled on whether
18  attorneys' fees incurred after removal are properly included in the amount in controversy.
19  District courts in this circuit are in disagreement. Compare Conrad Assocs. v. Hartford
20  Accident & Indem. Co., 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (since amount in
21  controversy must be determined as of the date of removal, but estimate of fees relies on post-
22  removal events, fees cannot be included), with Brady v. Mercedes-Benz USA, Inc., 243 F.
23  Supp. 2d 1004, 1011 (N.D. Cal. 2002) (a reasonable estimate of fees likely to be incurred in
24  resolving the controversy should be included in the amount in controversy).

25      The Seventh Circuit and prior cases within the District of Arizona have concluded that
26  attorneys' fees incurred after the date of removal should not be included. Gardynski-
27  Leschuck v. Ford Motor Co., 142 F.3d 955, 959 (7th Cir. 2000) ("legal expenses that lie in
28  the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand

are not an amount 'in controversy' when the suit is filed"); Lana v. State Farm Mut. Auto. Ins. Co., No. CV12-0771-PHX-DGC, 2012 WL 2357370 (D. Ariz. June 20, 2012); Dukes v. Twin City Fire Ins. Co., No. CV-09-2197-PHX-NVW, 2010 WL 94109 (D. Ariz. Jan. 6, 2010). On the other hand, the Tenth Circuit holds that a reasonable estimate of fees likely to be recovered may be included. Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998).

We need not decide the issue of future fees because plaintiff undoubtedly incurred fees before removal. His lawyer drafted and filed a complaint in the Superior Court. When attorneys' fees and potential punitive damages are added to plaintiff's alleged amount in controversy, it is more likely than not that the jurisdictional amount will be met. Therefore, this court has jurisdiction over plaintiff's action.

**IT IS ORDERED DENYING** plaintiff's motion to remand (doc. 9).

**IT IS ORDERED GRANTING** plaintiff's motion to dismiss fictitious parties (doc. 8). Fictitious parties John and Jane Does I-X, ABC Corporations I-X, and XYZ Partnerships I-X are hereby dismissed.

DATED this 24th day of August, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge